IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES PENDLETON AND
BETTY PENDLETON                                                                                   PLAINTIFFS

VERSUS                                                  CIVIL ACTION NO. 3:17-cv-00337-DPJ-FKB

STATE AUTO PROPERTY & CASUALTY
INSURANCE COMPANY; HENNESSEY THAMES
AND LEAVITT INSURANCE AGENCY; NAN LYLES;
CERTIFIED RESTORATION DRYCLEANING
NETWORK OF CENTRAL AND SOUTHERN
MISSISSIPPI; AUSTIN MCCORMICK; HARLEY
VICKERS; DAVID CALVIN BEARD; KRIS TAYLOR;
AND JOHN DOES 1-5                                                                                 DEFENDANTS

MEMORANDUM BRIEF IN SUPPORT OF DEFENDANT'S
CERTIFIED RESTORATION DRYCLEANING NETWORK OF CENTRAL
AND SOUTHERN MISSISSIPPI , MOTION FOR SUMMARY JUDGMENT

On August 24, 2017, this Court entered an Order [29] finding that based upon the pleadings and evidence presented to the Court, there was no reasonable basis for predicting that state law might impose liability against Nan Lyles (hereinafter "Lyles"). The allegations against Certified Restoration Drycleaning Network of Central and Southern Mississippi (hereinafter "CRDN") are identical to the allegations against Nan Lyles, and the evidence related to those allegations is likewise identical. For the same reasons that this Court found that there was no basis for predicting that state law would impose liability against Nan Lyles, CRDN is entitled to a judgment as a matter of law.

I.

FACTS AND PROCEDURAL HISTORY

The Pendletons' claims against CRDN allegedly arise from a storm that occurred on March 10, 2016. At the time of the storm, the Pendletons' home was insured by State Auto

Property & Casualty Insurance Companies (hereinafter "State Auto"), and they made an insurance claim against State Auto for the damages allegedly caused by the storm. Some of the personal property allegedly damaged included clothing and other textiles, so State Auto contacted CRDN to request its assistance in restoring and/or cleaning the clothing and textiles. State Auto's employee, Nan Lyles, traveled to Vicksburg and met with Mr. Pendleton to assess the damages and to see what they could possibly clean/restore. CRDN attempted to clean/restore a significant amount of the Pendletons' clothing, a task the Pendletons claim that CRDN and Nan Lyles performed negligently.

On July 4, 2016, the Pendletons made a second insurance claim when they reported theft of personal property from an insured premises. State Auto ultimately denied said claim.

On July 19, 2016, State Auto initiated a Declaratory Judgment action seeking a determination of its rights and liabilities, and that case is pending before the Honorable Tom S. Lee. *See State Auto Prop. & Cas. Ins. Co. v. Pendleton*, No. 3:16-CV-567-TSL-RHW (S.D. Miss. July 19, 2016).

The Pendletons filed suit in the Circuit Court of Warren County, Mississippi, on April 4, 2017, alleging various state law claims. They sued diverse Defendants State Auto and CRDN, and six (6) non-diverse Defendants including Lyles. On May 4, 2017, State Auto filed its Notice of Removal [1], contending that the claims against the Mississippi residents were improperly joined and/or the claims against State Auto were fraudulently misjoined with the claims against the other Defendants. Following removal, State Auto moved to sever the claims against it from the claims against the other Defendants, and the Pendletons moved to remand.

On August 24, 2017, this Court entered an Order [29] partially granting both the Motion to Remand and the Motion to Sever wherein it severed the claims against the non-diverse Defendants and remanded said claims to state court.[1]

## II.

## LAW

Summary judgments are governed by Rule 56(a) of the Federal Rules of Civil Procedure, and said rule mandates that when the evidence reveals no genuine dispute regarding any material facts the moving party is entitled to a judgment as a matter of law. Moreover, Rule 56(b) of the Federal Rules of Civil Procedure provides that "[a] party may file a motion for summary judgment at any time." If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed. 2d 538 (1986).

## III.

## ARGUMENT

In order to decide whether or not Nan Lyles was improperly joined, this Court conducted a summary judgment type analysis to determine if there was "arguably a reasonable basis for predicting that the state law might impose liability" against Lyles. *Smallwood v. Ill. Cent. R.R. Co.,*, 352 F.3d at 220, 223 (5th Cir. 2003). In doing so, the Court examined the allegations against Lyles which are primarily contained in Paragraph 20 of the Pendletons' Amended Complaint:

---

[1] Arguably, the Pendletons and their attorneys have violated Rule 11 of the Federal Rules of Civil Procedure. They have taken a legitimate legal dispute between themselves and State Auto and used it as a vehicle to harass others by suing numerous individuals and/or entities with little or no connection to the dispute, and accusing them of unfounded wrongdoings.

> During [State Auto's] investigation of [the roof leak] claim, Defendants Nan Lyles and CRDN . . . were hired by State Auto to clean the Plaintiffs' clothing. Plaintiffs' clothes sustained more damage while in the Defendants Nan Lyles and CRDN's possession with what is believed to be dye stains; as pictures of the clothes taken prior to Defendant taking possession of the clothes reveal. Defendant damaged the Pendleton[s'] clothes and made income from allegedly cleaning them. As a result of this [sic] defendants' actions they made income from either allegedly attempting to clean said clothing or make [sic] income by offering testimony against the Pendletons and seek to make income in the future. Defendants Nan Lyles and CRDN were brought on the premises by State Auto. The Pendletons did not seek their assistance. Further, the Pendletons have not been able to question these Defendants as they have been identified by State Auto as an expert witness in a matter pending in federal court. The Pendleton[s'] clothing are [sic] a total loss as a result of the Defendants Nan Lyles and CRDN's actions. Their conduct was encouraged by defendant, State Auto.

Am. Compl. ¶20.

These same facts were then incorporated by reference into the negligence count the Pendletons pled against CRDN, and others.

As this Court has already noted, Charles Pendleton was deposed in the declaratory judgment case[2], and in that deposition he stated that the dye stains he attributed to Lyles and/or CRDN's negligence in this case were actually caused by leaking containers of dye that the Pendletons stored in the closet or attic above the closet. *See* Pendleton Dep. at 74-78.

Since Pendleton has already provided sworn testimony that the clothes were stained by dye stored in his closet, there is no proof or evidence to support the allegation that the damages

---

[2] It is worth noting that Charles Pendleton's sworn deposition was taken on February 28, 2017, and Plaintiffs' Amended Complaint was filed in this matter on April 11, 2017. Accordingly, the Pendletons and their attorneys knew about the source of the dye on the clothing more than a month before they filed the Amended Complaint falsely alleging that Lyles and CRDN were the source of the subject dye.

were caused by CRDN. Accordingly, a rational trier of fact could not find for the Pendletons with regard to their claims against CRDN.

## IV.

## CONCLUSION

Despite the allegations of the Amended Complaint, Charles Pendleton has provided sworn testimony that the clothes at issue were damaged by dyes stored in his closet or attic (before representatives of CRDN obtained possession of the clothes); therefore, there is no basis for his allegation that CRDN's negligence damaged his clothes. There are no issues of material fact in this matter, and for the same reasons that this Court previously concluded that there was no reasonable basis for predicting a state court would impose liability on Nan Lyles, CRDN is entitled to a judgment as a matter of law.

Respectfully submitted, this the 14th day of September, 2017.

            CERTIFIED RESTORATION
            DRYCLEANING NETWORK OF
            CENTRAL AND SOUTHERN
            MISSISSIPPI

        BY:  /s/ W. Hugh Gillon, IV
            W. HUGH GILLON, IV

PREPARED BY:

W. HUGH GILLON, IV (MSB #8947)
UPSHAW, WILLIAMS, BIGGERS,
 & BECKHAM, LLP
713 S. Pear Orchard, Suite 102
Ridgeland, Mississippi 39157
Post Office Box 3080
Ridgeland, Mississippi 39158-3080
(601) 978-1996
(601) 978-1949
hgillon@upshawwilliams.com

5

## CERTIFICATE OF SERVICE

    I hereby certify that on September 14, 2017, I electronically filed the foregoing using the ECF system which sent notification to the following counsel of record:

Dennis C. Sweet, III, Esquire
Jeffrey Graves, Esquire
Sweet & Associates, PA
Post Office Box 1178
Jackson, Mississippi 39215-1178
dennis.sweet@sweetandassociates.net

David R. Wade, Esquire
Wade & Associates
P. O. Box 321027
Flowood, Mississippi 39232
lawyerwade@hotmail.com

Dale G. Russell, Esquire
Michael G. Gatling, Esquire
Adam V. Griffin, Esquire
Copeland, Cook, Taylor and Bush, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Drussell@cctb.com
Mgatling@cctb.com
Agriffin@cctb.com

                                                    /s/ W. Hugh Gillon, IV
                                                    W. HUGH GILLON, IV