UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES PENDLETON AND
BETTY PENDLETON                                                                                      PLAINTIFFS

V.                                                                          CIVIL ACTION NO. 3:17-CV-337-DPJ-FKB

STATE AUTO PROPERTY & CASUALTY                                                                       DEFENDANTS
INSURANCE COMPANY, ET AL.

ORDER

Defendant Certified Restoration Drycleaning Network of Central and Southern Mississippi ("CRDN") seeks summary judgment in its favor in this bad-faith insurance dispute. Because there is no genuine issue of material fact for trial as to the claim against CRDN, its Motion for Summary Judgment [30] is granted.

I.     Facts and Procedural History

The facts in this case are more fully set forth in the Order [29] granting in part the motion to sever and motion to remand. In that Order, the Court concluded that there was no reasonable basis for concluding that Plaintiffs Charles and Betty Pendleton could succeed on their claim against in-state Defendant Nan Lyles, and the Court dismissed the claim against Lyles. At all times relevant to the events giving rise to this lawsuit, Lyles was acting as "an employee, representative, or agent of CRDN." Am. Compl. [1-1] ¶ 5. The claim against CRDN is thus, coterminous with the claim against Lyles.

On September 14, 2017, CRDN filed its Motion for Summary Judgment [30], asserting that summary judgment was warranted on the Pendletons' claim against it for the same reasons the claim against Lyle was dismissed. The Pendletons sought and received an extension through October 16, 2017, within which to respond to CRDN's motion. Mot. [33]; Oct. 5, 2017 Text-

Only Order. That deadline has come and gone with no response from the Pendletons, and the Court is prepared to rule on CRDN's motion.

II.     Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

In this case, the Pendletons have not responded to the summary-judgment motion. "A motion for summary judgment cannot be granted simply because there is no opposition. However, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (internal quotation marks and citation omitted).

III.     Analysis

As with the negligence claim against Lyles, the claim against CRDN is based on its actions in allegedly damaging the Pendletons' clothes following a roof-leak incident at the Pendletons' home.  Am. Compl. [1-1] ¶ 20.  And as with the claim against Lyles, Charles Pendleton's deposition testimony in a related case establishes that the dye stains on the clothes attributed to CRDN's negligence in the Amended Complaint were actually caused by leaking containers of dye the Pendletons stored in the closet or attic above the closet.  Pendleton Dep. [30-2] at 74–77.  The Pendletons have provided no evidence to the contrary, and CRDN has shown that it is entitled to judgment as a matter of law.  Because there is no genuine issue of material fact, CRDN's motion for summary judgment is granted.

IV.     Conclusion

The Court has considered all arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, CRDN's Motion for Summary Judgment [30] is granted and the claims against it are dismissed with prejudice.

**SO ORDERED AND ADJUDGED** this the 27th day of October, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE