IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**CHARLES PENDLETON AND**
**BETTY PENDLETON**                                                                 **PLAINTIFFS**

**VS.**                                    **CIVIL ACTION NO. 3:17-cv-00337-DPJ-FKB**

**STATE AUTO PROPERTY & CASUALTY**
**INSURANCE COMPANY**                                                                **DEFENDANT**

---

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

---

Pursuant to Local Rule 7(b)(4), Defendant, State Auto Property & Casualty Insurance Company ("Defendant" or "State Auto"), by and through counsel, submits this its Memorandum in Support of its Motion to Dismiss. The present lawsuit against State Auto should be dismissed as to the allegations involving the March 2016 water intrusion claim, as that claim is being litigated in Cause No. 3:16-cv-00567-TSL-RHW (also referred to herein as "*Pendleton I*") between State Auto and the Pendletons and in front of the Honorable Judge Tom Lee. This would leave the July 2016 theft loss claim as the only claim to be litigated in the case *sub judice*.

PROCEDURAL BACKGROUND

On July 19, 2016, State Auto sued Charles and Betty Pendleton, alleging, *inter alia*, that they committed insurance fraud in connection with their March 10, 2016 claim that a significant rain/wind event occurred which damaged the roof of the dwelling located at 131 Robinhood Road in Vicksburg, Mississippi. *See Pendleton I* - Complaint, attached as **Exhibit "B."** In response, Charles and Betty

Pendleton filed a counterclaim against State Auto, seeking $500,000 in compensatory damages and punitive damages in an unspecified amount. *See Pendleton I* – Answer and Counterclaim, attached as **Exhibit "C."** Discovery has been completed in *Pendleton I* and the matter is to be tried in February of 2018. *See Pendleton I* - Amended Case Management Order, attached as **Exhibit "E."**

On April 4, 2017, Plaintiffs herein sued State Auto and several other Defendants in Warren County Circuit Court (also referred to as "*Pendleton II*"), with that claim being removed by State Auto. *See Pendleton II* – Complaint, attached as **Exhibit "D,"** and Docket Entry 1. The claims in the lawsuit *sub judice* pertained to the aforementioned March 2016 water intrusion claim with State Auto, as well as a July 2016 theft loss claim with State Auto. *See* **Exhibit "D,"** ¶¶ 18-20, 21-34. On May 4, 2017, State Auto moved to sever the claims against the unrelated Defendants from the claims against State Auto. *See* Docket Entry 4. On August 24, 2017, the Court granted the Motion, leaving State Auto and Certified Restoration Drycleaning Network of Central and Southern Mississippi ("CRDN") as the remaining Defendants in this case. *See* Docket Entry 29. Said claims against CRDN were dismissed by the Court's Order on CRDN's Motion for Summary Judgment. *See* Docket Entry 42.

As the cases now stand, there is duplicate federal litigation involving the same parties and the same insurance claim in the Southern District of Mississippi with regard to the March 2016 water intrusion claim asserted by Plaintiffs in the case *sub judice*. Because the Federal Courts of this District do not endorse

duplicative litigation involving the same subject matter, State Auto now moves to dismiss the Plaintiffs' March 2016 water intrusion claim from *Pendleton II*, as the same is being litigated in Cause No. 3:16-cv-00567-TSL-RHW.[1]

## RELIEF SOUGHT

State Auto respectfully requests that, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, this Honorable Court dismiss with prejudice Plaintiffs' claims, *in toto*, concerning their March 2016 water intrusion claim. State Auto further requests any other relief which this Court deems necessary and just.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a claim is:

> appropriate when the plaintiff has not alleged enough facts to state a claim to relief that is plausible on its face, and when the plaintiff fails to plead facts enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Doe v. Silsbee Indep. Sch. Dist.*, 402 Fed. Appx. 852, 854 (5th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). "To overcome a Rule 12(b)(6) motion, Plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Lee v. Ishee*, No. 3:09-cv-220-DPJ-JCS, 2010 U.S. Dist. LEXIS 6250 at *5 (S.D. Miss Jan. 15, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the

---

[1] A federal district court has "an ample degree of discretion in the decision to stay or dismiss a proceeding based on duplicative federal litigation." *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 849 F. Supp. 2d 881, 888 (D. Minn. 2012) (internal quotation marks omitted). "Litigation is duplicative if a plaintiff attempts to litigate 'the same issues at the same time in more than one federal court.'" *Id.* (quoting *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 932 (8th Cir. 2011)).

speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Twombly*, 550 U.S. at 555 (citations and footnote omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted)).

## ARGUMENT

A federal court in this district has assumed jurisdiction over Plaintiffs' March 2016 water intrusion claim lawsuit in *Pendleton I*. It has also made substantive rulings concerning the same, including dismissing Plaintiffs' claims for bad faith and punitive damages. *See Pendleton I* - Order on Motions, attached as **Exhibit "F."** In any event, *Pendleton I* and *Pendleton II* involve the same parties (State Auto and Charles and Betty Pendleton), both cases involve one identical insurance claim (the March 2016 water intrusion claim), and the factual and legal issues concerning the water intrusion claim are the same in both lawsuits. With regard to the water intrusion claim, *Pendleton I* and *Pendleton II* are thus duplicative lawsuits involving the same subject matter pending in the same federal district court in Mississippi. This violates the general prohibition on duplicative federal litigation. As a result, Rule 12(b)(6) supports the dismissal of the claims concerning the March 2016 water intrusion event in *Pendleton II*.

A.      **Application of the Rule Against Claim-Splitting.**

"[T]he rule against claim splitting prohibits a plaintiff from prosecuting its case piecemeal and requires that all claims arising out of a single wrong be presented in one action. In a claim splitting case, the second suit will be barred if the claims involve the same parties and arises out of the same transaction or series of transactions as the first claim." *Ameritox, Ltd. v. Aegis Sciences Corp.*, No. 3:08-cv-1168, 2009 U.S. Dist. LEXIS 13305, *4 (N.D. Tex. Feb. 9, 2009) (citations omitted); *see also Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir. 1992) ("the critical issue is whether the two actions were based on the same nucleus of operative facts….we look to the factual predicate of the claims asserted, not the legal theories upon which the plaintiff relies."). "A main purpose behind the rule is to protect the defendant from being harassed by repetitive actions based on the same claim." *Ameritox*, 2009 U.S. Dist. LEXIS 13305 at *4.

"[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2nd Cir. 2000). "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits in other courts or before other judges, parties waste 'scarce judicial resources' and undermine 'the efficient and comprehensive disposition of cases.'" *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) (quoting *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 985 (10th Cir. 2002)). According to the U.S. Supreme Court:

> When the pendency of a [previously filed] suit is set up to defeat another, the case must be the same. There must be the same parties, or, at least, such as represent the same interest; there must be the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the title, or essential basis, of the relief sought must be the same.

*Katz*, 655 F.3d at 1217 (citation omitted). Dissimilar to *res judicata*, no final judgment is necessary to apply the claim-splitting doctrine; in fact, the test is "whether the first suit assuming it were final, would preclude the second suit. This makes sense, given that the claim-splitting rule exists to allow [trial] courts to manage their docket[s] and dispense with duplicative litigation." *Id.* at 1218-19. The Tenth Circuit held in *Katz* that "[t]he district court did not abuse its discretion by dismissing the [plaintiff] from this case for claim splitting" where "[the plaintiff] filed two cases in the same district court, involving the same subject matter, seeking the same claims for relief against the same defendants." *Id.* at 1219.

There can be no reasonable dispute as to the following facts, which support application of the claim-splitting doctrine to bar *Pendleton II's* claims concerning the 2016 water intrusion event:

1. *Pendleton I* and *Pendleton II* involve the same exact parties.

2. *Pendleton I* and *Pendleton II* involve the same State Auto Policy of Insurance, No. HMS0044198, with the same effective period, January 5, 2016 to January 5, 2017. *See* Policy, attached as **Exhibit "A."**

3. *Pendleton I* exclusively involves the litigation of Plaintiffs' March 2016 water intrusion event. *See* **Exhibits "B"** and **"C."**

4. *Pendleton II* involves, in part, the litigation of Plaintiffs' March 2016 water intrusion event. *See* **Exhibit "D,"** ¶¶ 18-19.

5. Allegations of breach of contract, bad faith conduct, and recovery of extra-contractual and punitive damages were asserted by Plaintiffs in both *Pendleton I* and *Pendleton II* with respect to the March 2016 water intrusion event. *See* **Exhibit "C,"** ¶¶ 18-22; **Exhibit "D,"** ¶¶ 41-58.

With regard to the March 2016 water intrusion event, there is no reasonable dispute that *Pendleton I* and *Pendleton II* involve the same parties and that those claims arose out of the same transaction or series of transactions.² Without belaboring the issue, the threshold for a finding of claim-splitting is met and the March 2016 water intrusion event claims in *Pendleton II* should be dismissed *in toto*.³

**B.     Application of the First-To-File Rule.**

Should the Court decline to address *Pendleton II's* March 2016 water intrusion event claims pursuant to the claim-splitting doctrine, *supra*, then the Court may proceed along the precedent concerning the first-to-file rule. According to *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (quotation marks and citations omitted):

---

² State Auto recognizes that Plaintiffs herein were Counter-Plaintiffs in *Pendleton I*. The analysis should be the same for counterclaims as compared to claims asserted by party-plaintiffs.

³ According to *Oliney v. Gardner*, the rule regarding dismissal is permissive. 771 F.2d 856, 859 (5th Cir. 1985) "When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed." *Id.* (citation omitted). *See also Sutcliffe Storage and Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir. 1947) (prior pending action in same federal court constitutes grounds for dismissal of later filed action as neither courts nor litigants should be burdened with duplicate lawsuits).

> Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap. The rule rests on principles of comity and sound judicial administration. The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result.

*See also Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n.28 (5th Cir. 1992) ("The same concern with avoiding duplicative litigation is present where similar suits have been filed in two courts within the same district."), cert. denied, 506 U.S. 1079 (1993).

Further, there is authority in this district suggesting that it would be appropriate, under the first-to-file rule, to merely transfer the water intrusion claim to Judge Lee in Cause No. 3:16-cv-00567-TSL-RHW for a decision on how to further handle the matter. *See Hearn v. Hinds County Bd. of Supervisors*, No. 3:12-cv-417-CWR-FKB, 2012 U.S. Dist. LEXIS 127270 (S.D. Miss., Sept. 7, 2012). However, discovery is now closed and all substantive motions have been ruled upon in *Pendleton I*. Transfer of the claim, given that it has been essentially fully litigated, with only the February 2018 trial of the matter remaining, would appear to be a waste of judicial resources. As a result, State Auto would ask that the March 2016 water intrusion claim be dismissed from *Pendleton II*. However, based on this District's precedent, transfer of the March 2016 water intrusion claim to Judge Lee for further consideration would be appropriate under the circumstances, should the Court decline to apply the claim-splitting doctrine.

## **CONCLUSION**

There is no question that *Pendleton I*, exclusively, and *Pendleton II*, in part, involve the Plaintiffs' March 2016 water intrusion claim. Because *Pendleton II* concerns duplicative and impermissible litigation with respect to the March 2016 water intrusion claim, *Pendleton II's* allegations concerning the March 2016 claim should be dismissed. Alternatively, the same may be properly transferred to Judge Lee for further consideration under first-to-file precedent.

This, the 6th day of November, 2017.

        Respectfully Submitted,

        STATE AUTO PROPERTY & CASUALTY
        INSURANCE COMPANY, PLAINTIFF

        By:   */s/ Michael C. Gatling*
              DALE G. RUSSELL, MSB # 10837
                  DRussell@CCTB.com
              MICHAEL G. GATLING, MSB # 101530
                  MGatling@CCTB.com
              ATTORNEYS FOR PLAINTIFF

OF COUNSEL:

COPELAND, COOK, TAYLOR & BUSH, P.A.
600 Concourse, Suite 100
1076 Highland Colony Parkway (39157)
Post Office Box 6020
Ridgeland, Mississippi 39158
T: (601) 856-7200
F: (601) 856-7626

## **CERTIFICATE OF SERVICE**

I do certify that I have this day caused to be forwarded by the Court's ECF filing system a true and correct copy of the foregoing to all counsel of record.

THIS, the 6th day of November, 2017.

                              /s/ *Michael C. Gatling*
                              Michael C. Gatling