UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHARLES PENDLETON AND BETTY PENDLETON                                    PLAINTIFFS

V.                                                          CIVIL ACTION NO. 3:17-CV-337-DPJ-FKB

STATE AUTO PROPERTY & CASUALTY                                            DEFENDANT
INSURANCE COMPANY

ORDER

Defendant State Auto Property & Casualty Insurance Company asks the Court to dismiss Plaintiffs' causes of action related to their March 2016 insurance claim because Plaintiffs are already litigating the merits in earlier-filed litigation pending in this district. Because the Court concludes that maintaining claims related to the March 2016 incident in this case violates the rule against claim splitting, State Auto's Motion to Dismiss [45] is granted.

I.     Facts and Procedural History

As noted in the Court's previous Order [29], this lawsuit relates to a homeowner's insurance policy State Auto issued to Plaintiffs Charles and Betty Pendleton in 2015. The Pendletons' first set of legal claims arises from a storm on March 10, 2016, that, according to them, damaged their home and personal property when rainwater leaked through their roof. The Pendletons made an insurance claim on their State Auto policy, and State Auto initially tendered over $95,000 in policy benefits. But State Auto later changed its mind regarding coverage, asked the Pendletons to return the disbursed funds, and initiated a declaratory-judgment action seeking a determination of its rights and liabilities. *See State Auto Prop. & Cas. Ins. Co. v. Pendleton*, No. 3:16-CV-567-TSL-RHW (S.D. Miss. July 19, 2016). In that case ("*Pendleton I*"), the Pendletons filed counterclaims against State Auto for breach of contract and bad-faith breach of contract related to the March 2016 loss. *Pendleton I* is set for trial in February 2018.

In the meantime, on July 4, 2016, the Pendletons made a second insurance claim when they reported theft of personal property from an insured premises. State Auto denied the Pendletons' claim related to the personal-property theft, and on April 4, 2017, the Pendletons filed this lawsuit ("*Pendleton II*") in Warren County Circuit Court against State Auto and others, asserting causes of action related to both the March 2016 and July 2016 losses. State Auto removed the case and filed an Answer [6], and the Pendletons moved to remand [13]. Following partial denial of the remand motion, State Auto, the sole remaining defendant in *Pendleton II*, filed the instant motion asking the Court to dismiss the Pendletons' causes of action related to the March 2016 incident addressed in *Pendleton I*. The matters raised have been fully briefed, and the Court has personal and subject-matter jurisdiction and is prepared to rule.

II.     Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[1] *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam)). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations

---

[1] Technically, State Auto's motion is one for judgment on the pleadings under Rule 12(c) as it answered the Complaint. But the standards for addressing motions under Rule 12(b)(6) and Rule 12(c) are the same. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002).

must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

Ordinarily, in considering a motion to dismiss under Rule 12(b)(6), the Court "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). An exception to this rule exists for "matters of public record" of which the Court may take judicial notice. *Norris v. Hearst Tr.*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Here, the filings in *Pendleton I* are matters of public record and are properly before the Court in ruling on State Auto's motion.

III.     Analysis

State Auto urges dismissal under either the rule against claim splitting or the first-to-file rule. Because the Court agrees that pursuing causes of action related to the March 2016 incident violates the former, it need not address the latter.

"A plaintiff is not allowed to split her causes of action[] among multiple proceedings, advancing one part of her suit in one court and bringing another part in a later suit." *Hearn v. Bd. of Supervisors of Hinds Cty., Miss.*, No. 3:12-CV-417-CWR-FKB, 2013 WL 1305586, at *2 (S.D. Miss. Mar. 27, 2013), *aff'd*, No. 13-60508 (5th Cir. July 8, 2014); *see Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit."). "In a claim splitting case, the second suit will be barred if the claim involves the same parties and 'arises out of the same transaction or series of transactions as the first claim.'" *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 273 F. App'x 256, 265 (4th Cir. 2008) (quoting *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269–70 (11th Cir. 2002)).

3

As in *Hearn*, "[t]his case presents a straightforward example of claim-splitting." 2013 WL 1305586, at *3. *Pendleton II* involves the same parties as *Pendleton I*, and it arises out of the same facts that are at issue there—namely, the merits of the March 2016 insurance claim and State Auto's handling thereof.[2] The rule against claim splitting therefore bars any causes of action in *Pendleton II* related to the March 2016 insurance claim the Pendletons are separately pursuing in their *Pendleton I* counterclaims.

The Pendletons say otherwise, but their arguments are unconvincing and lack any citation to legal authority. They first assert that the complaint in *Pendleton II* added additional parties. While it is true that *Pendleton II* initially included additional defendants, the Pendletons could have moved to join those parties in *Pendleton I*. Moreover, all *Pendleton II* defendants other than State Auto have now been remanded or dismissed.[3] Regardless, the presence of additional defendants does not alter the analysis as between the Pendletons and State Auto. *See Hearn*, 2013 WL 1305586, at *1, *3 (dismissing second-filed lawsuit under the rule against claim splitting where the second complaint added a defendant); *cf. Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011) ("This case is a quintessential example of claim splitting in duplicative lawsuits, a litigation tactic that res judicata doctrine is meant to prevent. . . . That the [plaintiffs'] earlier suits included additional parties . . . is irrelevant.").

---

[2] Arguably, all claims relating to the March 2016 insurance claim were compulsory counterclaims in *Pendleton I* under Federal Rule of Civil Procedure 13. *See* Fed. R. Civ. P. 13(a)(1) ("A pleading must state as a counter claim any claim that—at the time of service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.").

[3] The Court found that the Pendletons' allegations against the additional parties related to the March 2016 incident—Hennessey Thames and Leavitt Insurance Agency, Nan Lyles, and Certified Restoration Drycleaning Network of Central and Southern Mississippi—failed to survive a Rule 12(b)(6)-type analysis. Order [29]; Order [42].

The Pendletons next say that they now have new counsel who pleaded their legal claims in *Pendleton II* with greater specificity; again, the argument is unsupported and without merit. For starters, they could have averred the additional facts in *Pendleton I*, and the fact that they retained new counsel does not change that reality. *See Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118–19 (8th Cir. 1997) (holding that "[l]itigants choose counsel at their peril"). Regardless, even if the Pendletons asserted entirely new causes of action related to the March 2016 incident, that is exactly what the rule against claim splitting precludes. *See Katz*, 655 F.3d at 1217 ("The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit. By spreading claims around in multiple lawsuits . . . , parties waste scarce judicial resources and undermine the efficient and comprehensive disposition of cases." (internal quotation marks and citation omitted)).

The Pendletons also argue that they cannot be blamed for expanding the litigation in this Court, as they did not file *Pendleton I* and State Auto removed *Pendleton II* from state court. But that does not change the fact that they split their claims. Nor have they shown that the manner in which the duplicitous cases reached this Court changes the claim-splitting analysis.

Finally, the Pendletons note that at least some of the claims currently pending in *Pendleton II* have been dismissed in *Pendleton I*, such that "there is no way that the claims before this Court can be duplicative of the claims in the first suit." Pls.' Mem. [56] at 2. But the question is not whether the claims are duplicative of those *now* pending in *Pendleton I*, but whether they arise out of the same transaction as the causes of action in *Pendleton I*. *Sensormatic*, 273 F. App'x at 265. The causes of action in this case related to the March 2016 incident plainly meet that test and are therefore dismissed.

5

IV. Conclusion

The Court has considered all arguments. Those not specifically addressed would not have changed the outcome. Plaintiffs essentially seek a second bite at the apple now that they have new counsel, but the rule against claim splitting precludes it. For the foregoing reasons, State Auto's Motion to Dismiss [45] is granted, and the claims relating to the March 2016 insurance claim are dismissed.

**SO ORDERED AND ADJUDGED** this the 21st day of December, 2017.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE